# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

MARSHAWN MCCRADY

NO. 2023 KW 1024

**MARCH 14, 2024**

---

In Re:    Marshawn McCrady, applying for supervisory writs, 18th Judicial District Court, Parish of Pointe Coupee, No. CR-85071-F.

---

**BEFORE:    WELCH, WOLFE, AND STROMBERG JJ.**

**WRIT DENIED.**

EW
TPS

    **Welch, J.** dissents and would grant the writ application. The evidence adduced at the suppression hearing failed to establish that relator violated La. R.S. 32:71. There was no showing that relator impeded traffic traveling behind him in the left lane, that he was traveling at a speed slower than any vehicles in the right lane, or that he was traveling at less than the normal speed of the traffic at that time. See La. R.S. 32:71(B). Therefore, the officer's decision to stop relator's vehicle was not reasonable under the circumstances. Cf. **Whren v. United States**, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). Pursuant to La. R.S. 32:71, any vehicle could be stopped that is proceeding in the left-hand lane on a four lane highway based upon a police officer's subjective determination that the vehicle had remained in the left-hand lane "too long." I believe this interpretation gives police "carte blanche" discretion to stop any vehicle driving in the left-hand lane of a four lane highway and is constitutionally wrong.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT